An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF BRENT BLANCHARD, BAR NO. 7605.

No. 68889

FILED

DEC 23 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Brent Blanchard. Under the agreement, Blanchard admitted to violations of RPC 1.4(a)(5) (communication), RPC 1.8(a) (conflict of interest: current clients), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.3 (candor toward the tribunal), RPC 3.4 (fairness to opposing party and counsel), RPC 5.5 (unauthorized practice of law) and RPC 8.1(b) (bar admission and disciplinary matters). The violations are based on Blanchard's continuing practice of law after being administratively suspended for failing to comply with continuing legal education (CLE) requirements[1] and his misconduct in facilitating the transfer of funds from a client's family trust into a limited liability

---

[1]This court placed Blanchard on CLE suspension in July 2010. Although the record indicates that Blanchard remained active and in good standing with the State Bar of Utah, which has similar CLE requirements as Nevada, he has not reported CLE compliance in Nevada since his suspension.

15-39539

company solely owned and operated by Blanchard in order to purchase a residential property in which the client would live and failing to ensure that the family trust's interest in the property was recorded and protected.

The agreement provides for a three-year suspension. As preconditions to an application for reinstatement, Blanchard agreed to: (1) comply with any and all outstanding CLE requirements and pay any outstanding fees owed, (2) attend and complete an additional 15 hours of CLE in ethics, (3) retake and pass the Multistate Professional Responsibility Exam, (4) report this matter to the Utah State Bar forthwith, (5) immediately execute a quitclaim deed for 2968 Mt. Hope Drive in Las Vegas, Nevada on behalf of the Rhodes Family Trust and comply with any and all efforts of Helen Rhodes or her designee to return the property to the Rhodes Family Trust, (6) comply with Judge Kishner's order that he pay $6,237 in fees and $158.61 in costs incurred in case number A-14-702869-C in the Eighth Judicial District Court, (7) continue treatment for depression and provide satisfactory proof from the Nevada Lawyer Assistance Program that he is mentally capable of resuming the practice of law, and (8) pay the costs of the disciplinary proceedings (excluding bar counsel and staff salaries).

Based on our review of the record, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). We hereby impose a three-year suspension to commence from the date of this order. Given the length of the suspension, Blanchard must petition for reinstatement. SCR 116(1). Blanchard shall comply with all of the conditions in the plea agreement before petitioning for reinstatement. The parties shall comply with the relevant provisions of SCR 115 and 121.1.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

DOUGLAS and SAITTA, JJ., dissenting:

We would reject the conditional guilty plea agreement because the agreed-upon discipline is not sufficient. In our view, a four-year suspension would be more appropriate considering the relevant factors.

_____, J.
Douglas

_____, J.
Saitta

cc:   Chair, Southern Nevada Disciplinary Board
      Brent A. Blanchard
      Stan Hunterton, Bar Counsel, State Bar of Nevada
      Kimberly K. Farmer, Executive Director, State Bar of Nevada
      Perry Thompson, Admissions Office, United States Supreme Court